IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER JONES, #580809 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv215 |
| BRADLEY W. HILL, ET AL. | § | |

ORDER DENYING SUMMARY JUDGMENT

Came on for consideration, the Defendants' motion for summary judgment (docket entry #57). Previously, on December 14, 2005, the Court issued an order permitting the Plaintiff to proceed with an excessive use of force claim against Sgt. Bradley W. Hill and Officer Jo A. Montgomery. In the present motion, these Defendants argued that they are entitled to summary judgment based on qualified immunity because the Plaintiff did not sustain any physical injuries.

Plaintiff's Factual Allegations

The original complaint was filed on June 6, 2005. The Plaintiff complained that he was the victim of excessive use of force. On November 8, 2005, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), in order to give the Plaintiff the opportunity to fully explain the factual basis of his claims. The Plaintiff testified that the use of force incident occurred at the Coffield Unit on March 4, 2005. Prior to that time, he had reported Lt. Peacock to the Office of the Inspector General and to the Warden about illegal activities. At approximately 6 to 6:30 a.m., Officer Montgomery came to the Plaintiff's cell. The Plaintiff noted that Officer Montgomery was a close friend of Lt. Peacock. She was angry over the allegations. She

informed him that he would not receive breakfast nor a shower. The Plaintiff told her that he would report her. The Plaintiff subsequently talked to Sgt. Hill, who told him to pack his belongings because he was going to Pre-Hearing Detention for threatening Officer Montgomery. The Plaintiff packed his property and was placed in handcuffs. He asked an unidentified officer to secure the handcuffs because they were getting tighter. The officer secured them, but the handcuffs still became tighter. The Plaintiff testified that Defendants Hill and Montgomery subsequently pushed him down a set of stairs. He struck his head against a wire mesh. The officers then started kicking and hitting him. Then they placed him in a Pre-Hearing Detention cell. They did not report the incident and did not obtain medical care for him. The Plaintiff testified that he experienced blurred vision, bleeding from his head, pain, scratches and numb wrists. He added that he believes that the beating aggravated his carpal tunnel syndrome.

<u>Defendants' Motion for Summary Judgment</u>

The Defendants filed a motion for summary judgment on February 28, 2007. They argued that they are entitled to summary judgment based on the defense of qualified immunity. In particular, they argued that the Plaintiff did not suffer any physical injuries, as required to proceed in an excessive use of force case. *Hudson v. McMillian*, 503 U.S. 1, 10 (1992); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). They argued that if the Plaintiff did suffer any injuries, then such injuries were *de minimis* and did not rise to the level of a constitutional violation. In support of their motion, they attached a copy of the Office of Inspector General ("OIG") incident report, a Pre-Hearing Detention physical evaluation and the Plaintiff's statement of August 8, 2003.

The Defendants noted that the Plaintiff alleged in the original complaint that they purportedly pushed him down the stairs, which caused him "to bust [his] head open on the 2 row gate,

slipping/falling on hard cement." They noted that the Plaintiff further claimed that Defendant Montgomery "kicked [him] in the head and back with her boots" and Defendant Hill "contribute assaulting hitting [him] in the head with his walkie talkie, pulling my hair while blood ran down [his] face." The OIG report revealed that the Pre-Hearing Detention physical examination was conducted about an hour after the incident, and no injuries were noted by the nurse or complained of by the Plaintiff at the time of the examination. Nurse Higginbotham noted that the Plaintiff's appearance was clean and neat, with no lacerations, contusions or bruises. The Plaintiff did not complain of any pain or injuries.

The Defendants emphasized that there is no evidence in any of the Plaintiff's medical records that he ever complained of injuries resulting from the alleged use of force and that there was nothing to substantiate that he was ever involved in such a use of force. They noted that a plaintiff cannot overcome a qualified immunity defense with mere conclusory allegations but must plead specific facts with sufficient particularity to negate the defense of qualified immunity. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994). They argued that the Plaintiff sustained at most *de minimis* injuries, which are insufficient to amount to a constitutional violation. As such, they argued they are entitled to summary judgment.

Discussion and Analysis

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment.

*See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001); *Ragas v. Koch Gateway Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

The Defendants argued that they are entitled to summary judgment based on the defense of qualified immunity. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question. *Anderson*, 483 U.S. at 639; *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 n. 5 (5th Cir. 1992) (citations omitted). *See King v. Chide*, 974 F.2d 653 (5th Cir. 1992) (discussing qualified immunity in the context of force used against an arrestee). The evaluation of a qualified immunity claim involves a two-step inquiry. *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994); *Colston v. Barhnart*, 130 F.3d 96, 99 (5th Cir. 1997). The first step is to determine whether the plaintiff has shown a violation of a clearly established constitutional right. *Id.* The second step requires the court to determine whether the defendant's conduct was objectively unreasonable under existing clearly established law. *Id.*

Issues concerning qualified immunity should be resolved at the earliest possible stage. When factual issues are still in dispute at the time of trial, a court may not be able to make a decision as to

whether officers are entitled to qualified immunity until the factual issues are resolved by a jury. *See Lampkin v. City of Nacogdoches*, 7 F.3d 430 (5th Cir. 1993). In such cases, the jury will have to decide "the underlying historical facts in dispute that are material to the resolution of the questions whether the defendants acted in an objectively reasonable manner in view of existing law and facts available to them." *Id.* at 435. *See also Presley v. City of Benbrook*, 4 F.3d 405, 409-10 (5th Cir. 1993).

The constitutional question at stake in the present case is whether the Plaintiff was the victim of excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.*

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

6

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. at 9-10.

On remand in *Hudson*, the Fifth Circuit concluded that the following factors are relevant in the inquiry whether there was an excessive use of force: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). On the other hand, the Fifth Circuit has repeatedly emphasized that an inmate must have suffered more than a *de minimis* physical injury. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). There must always be some injury, albeit insignificant. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). In *Siglar v. Hightower*, 112 F.3d 191, 194 (5th Cir. 1997), the Fifth Circuit held that a sore, bruised ear lasting for three days that resulted from an officer twisting the inmate's ear was *de minimis* and insufficient to provide a basis for a meritorious civil rights lawsuit. In *Gomez v. Chandler*, 163 F.3d at 924-25, the Fifth Circuit held that injuries consisting of pain and "cuts, scrapes, contusions to the face, head and body" that resulted from an inmate being knocked down, punched and kicked and that required medical treatment were more than *de minimis*. The Fifth Circuit also noted that even though there must be more than a *de minimis* physical injury, "there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Id.* at 924.

The Fifth Circuit has additionally held that the question of whether the force used was more than *de minimis* must be evaluated in the context in which the force was deployed. In *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996), the Fifth Circuit explained that the amount of injury necessary to satisfy the requirement of some injury and to establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances. In *Williams v. Bramer*, 180 F.3d 703, 704 (5th Cir. 1999), the Fifth Circuit held that what constitutes an injury is subjective and defined entirely by the context in which the injury arises. Two chokings occurred in *Williams*. The first choking occurred when an officer attempted to search the plaintiff's mouth, which resulted in fleeting dizziness, temporary loss of breath and coughing. The Fifth Circuit held that the use of force did not rise to the level of a constitutional violation under the circumstances. *Id.* at 704. The second choking was the product of a malicious choking. The plaintiff again suffered dizziness, coughing, and a loss of breath. The Fifth Circuit held that the injuries, although the same as before, qualified as a cognizable injury since the officer's actions were the product of maliciousness, as opposed to a legitimate search. *Id.* The Fifth Circuit specifically noted that it was required to accept the plaintiff's version of events as true for purposes of summary judgment. *Id.*

The Court notes that the Office of the Texas Attorney General routinely files motions for summary judgment focusing solely on the extent of an inmate's injuries. On December 12, 2006, the Fifth Circuit again rejected such arguments in *Brown v. Lippard*, 472 F.3d 384 (5th Cir. 2006). The Fifth Circuit held that it "has never directly held that injuries must reach some arbitrary threshold to satisfy an excessive force claim, as Lippard assumes." *Id.* at 386. The Court noted that it has found an injury insufficient to support an excessive force claim where there was no physical injury or where it was extremely minor. *Id.* at 387. The Fifth Circuit characterized an argument that

a particular injury did not require medical attention as a preference for the "pre-*Hudson* standard requiring the complainant receive *serious* medical attention. There is no basis for that position." *Id.* With respect to allegations that Lippard's actions were bad, the Fifth Circuit held that the fact that such testimony existed "raise[d] an issue of fact sufficient to overcome summary judgment." *Id.* The Fifth Circuit affirmed the district court's denial of summary judgment.

The competent summary judgment evidence in the present case clearly reveals that there are disputed issues of material fact. The Plaintiff's testimony at the *Spears* hearing was that he experienced blurred vision, bleeding from his head, pain, scratches, numb wrists and that his carpal tunnel syndrome was aggravated. His testimony provided competent summary judgment evidence that he suffered some injuries, and such injuries were akin to those presented by the Texas prison inmate in *Gomez v. Chandler, supra*. To obtain summary judgment, the Defendants must show that the injuries were *de minimis* in the context of the use of force incident. The Plaintiff testified that Officer Montgomery was angry at him and that the Defendants pushed him down a set of stairs. The Defendants then started kicking and hitting him. Defendant Hill purportedly pulled his hair while blood ran down his face. The Plaintiff's factual allegations support an inference that the Defendants maliciously and sadistically used force against him resulting in his injuries. The Defendants, on the other hand, alleged that the use of force incident never happened. There are disputed issues of material fact. The factual allegations of the two sides amount to a classic "swearing match- a factual dispute which must be resolved by the ultimate fact finder, not by the judge on summary judgment." *E.E.O.C. v. R. J. Hallagher Co.,* 181 F.3d 645, 652 (5th Cir. 1999). The Defendants' version of events alleging that the use of force incident did not happen involves the veracity of the evidence, which is in the province of the finder of fact at a trial. *Cupit v. United States*, 964 F.Supp. 1104,

1113 (W.D. La. 1997). The Fifth Circuit has repeatedly held that when the facts are in dispute, a court may not determine the credibility of the evidence and must draw all justifiable inferences in favor of the nonmovant. *See, e.g., Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 652-53 (5th Cir. 2006). This includes making credibility determinations in excessive use of force cases. *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005); *Bazan v. Hidalgo County*, 246 F.3d 481, 492 (5th Cir. 2001).

In conclusion, the Plaintiff's competent summary judgment evidence supports an excessive use of force claim and a conclusion that the Defendants' conduct was not objectively reasonable under clearly existing law. The Defendants are not entitled to summary judgment based on qualified immunity. It is accordingly

**ORDERED** that the Defendants' motion for summary judgment (docket entry #57) is **DENIED**.

**SIGNED this 16th day of March, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE